IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LASHAWN LAMONT JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00133 |
| ) | Judge Trauger |
| LAUREL COUNTY DETENTION ) | |
| FACILITY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This habeas corpus action under 28 U.S.C. § 2254 originated in the U.S. Court of Appeals for the Sixth Circuit, which subsequently transferred the matter to the U.S. District Court for the Eastern District of Tennessee on October 15, 2021, after finding that the pro se petitioner, LaShawn Johnson, did not need circuit-court permission before filing a habeas petition in district court. (*See* Doc. No. 1 and attachments.) Because the challenged 2010 convictions for aggravated burglary and attempted theft arose in Davidson County, Tennessee, the case was properly transferred to this District on February 25, 2022. (Doc. Nos. 8, 9.)

After this court's initial mailings to the petitioner were returned as undeliverable, on March 30, 2022, the court ordered the petitioner to show cause within 30 days why the case should not be dismissed for failure to prosecute and failure to keep the court apprised of his current address. (Doc. No. 13.) It does not appear that the petitioner ever received the March 30 order, as the court's mailing of that order was also returned as undeliverable. (*See* Doc. No. 14.) On October 11, 2022, he finally mailed a motion from the Knox County Jail announcing that he is "out of transit and ready for this proceeding." (Doc. No. 15.)

Out of an abundance of caution, the court accepts the petitioner's showing of cause and will proceed to an initial review of the Petition. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Upon initial review under Rule 4, the court may properly raise the issue of the timeliness of the Petition *sua sponte*, whereupon the petitioner must be allowed "a fair opportunity to show why the limitation period should not yield dismissal of the petition." *Day v. McDonough*, 547 U.S. 198, 210 (2006). As explained below, it appears from the Petition and its attachments that this action is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996), sets a one-year statute of limitations for state prisoners seeking federal habeas corpus relief, which "run[s] from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see Holland v. Florida*, 560 U.S. 631, 635 (2010).

Here, as in the majority of cases, it appears that the statute began to run when the judgment of conviction became final, pursuant to Section 2244(d)(1)(A). There do not appear to be grounds for finding that the petitioner later discovered the factual predicate for his claims under subsection (d)(1)(D). Though the petitioner claims that he "was framed for" a crime he "never committed" (Doc. No. 1 at 4), he did not discover these facts any later than the date of his 2010 trial, when he

2

learned that the State lacked reliable forensic or other evidence necessary for his identification, forcing it to rely on the untruthful testimony of the victim and a police detective to establish his identity as the perpetrator. (*Id.* at 3–4.) It thus appears that the statute of limitations began to run at the later date when the resulting conviction became final, after the Tennessee Court of Criminal Appeals (TCCA) affirmed it in 2012 and the petitioner did not seek further review. (*See* Doc. No. 1-2 at 2 (citing *State v. Johnson*, No. M2010-02664-CCA-R3-CD, 2012 WL 1648211 (Tenn. Crim. App. May 10, 2012) (no application for permission to appeal filed under Tenn. R. App. P. 11))); *Transou v. Boyd*, No. 22-5166, 2022 WL 3910512, at *3 (6th Cir. Aug. 19, 2022) (computing date of finality by adding the 60 days in which petitioner could have filed for Tennessee Supreme Court review under Rule 11(b) to the date of TCCA's decision affirming conviction).

The petitioner filed this action more than eight years later. Accordingly, to avoid dismissal of this action the petitioner must demonstrate that the running of the one-year statute of limitations is subject to tolling.

Statutory tolling under 28 U.S.C. § 2244(d)(2) applies to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." The petitioner sought relief in state court after his direct appeal was dismissed, including by filing a post-conviction petition. But that post-conviction petition was not filed until January 14, 2019 (Doc. No. 1-1 at 15–22) and was denied as untimely on January 25, 2019 (*id.* at 23–27) and not further pursued. (*See id.* at 2.) Only "properly filed" applications "for post-conviction or other collateral review" toll AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(2); *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings—including any state-imposed time limits. A state postconviction motion that a court cannot consider because the

3

petitioner failed to include a timely claim is not 'properly filed,' for purposes of AEDPA's statutory tolling provision." *Davis*, 900 F.3d at 323–24 (quoting, *e.g.*, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) (internal citations omitted). The petitioner therefore cannot benefit from statutory tolling under Section 2244(d)(2) based on his 2019 post-conviction filing.

In addition to tolling under the statute, AEDPA's limitations period may be subject to equitable tolling in appropriate cases. *Holland*, 560 U.S. at 645–49. However, the doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is the petitioner's burden to show that he is entitled to equitable tolling, *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016).

As grounds to excuse his untimely filing in federal court, the petitioner merely asserts that he "didn't know about [habeas relief] until [his] federal attorney told [him] to file[.]" (Doc. No. 1 at 4.) But "ignorance of the law, including on matters such as the availability of . . . post-conviction remedies and the related statute of limitations, does not entitle [the petitioner] to equitable tolling." *Carter v. Phillips*, No. 20-6038, 2021 WL 867105, at *2 (6th Cir. Mar. 4, 2021), *cert. denied*, 142 S. Ct. 242 (2021); *see also Bond v. Dickerson*, No. 1:20-CV-00028, 2020 WL 5039422, at *3 (M.D. Tenn. Aug. 26, 2020), *certificate of appealability denied*, No. 20-6134, 2021 WL 7966775 (6th Cir. Dec. 27, 2021) (collecting cases and finding that "the law is clear that a prisoner's lack of actual knowledge about available legal remedies or the time limits for pursuing them is not a

4

sufficient basis for equitable tolling"). Accordingly, it does not appear that the petitioner can rely on equitable tolling to rescue his years-late habeas filing.

Finally, the petitioner does not raise "a convincing claim of actual innocence" based on new evidence, such that the court could reach the merits of his Petition despite its untimeliness. *McQuiggin v. Perkins*, 569 U.S. 383, 392–98 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling, in order to allow petitioner "to overcome expiration of the statute of limitations governing a first federal habeas petition"). The petitioner merely points out the State's lack of proper identification evidence and asserts that he "was framed for" and "never committed" the crimes but was convicted simply because "the victim said I did it." (Doc. No. 1 at 3–4.) His claim is based upon the tenuous quality of the evidence marshaled by the State at the time of his conviction (*see id.* at 5–8), not any new evidence establishing his innocence. This is not the "convincing claim" envisioned in *McQuiggin*, which requires a "credible showing" of "new evidence" of innocence to reach the merits of an untimely habeas petition. 569 U.S. at 392, 394–95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner.") (citation and internal quotation marks omitted); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

In light of the foregoing, the petitioner is **ORDERED TO SHOW CAUSE** why his Section 2254 action should not be dismissed as barred by the statute of limitations. The petitioner must make this showing within **30 DAYS** of the entry of this order. The petitioner is cautioned that failure to respond to this show cause order within the allotted time (or to request an extension

5

of his response deadline before that time expires), or failure to keep the court apprised of his current address, may result in the dismissal of this action.

    It is so **ORDERED**.

                                                            _____
                                                            Aleta A. Trauger
                                                            United States District Judge