IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LASHAWN LAMONT JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00133 |
| ) | Judge Trauger |
| LAUREL COUNTY DETENTION ) | |
| FACILITY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

I. **Procedural History**

This habeas corpus action under 28 U.S.C. § 2254 originated in the U.S. Court of Appeals for the Sixth Circuit, which subsequently transferred the matter to the U.S. District Court for the Eastern District of Tennessee after finding that the pro se petitioner, LaShawn Johnson, did not need circuit-court permission before filing a habeas petition in district court. (*See* Doc. No. 1 and attachments ("the Petition").) The case was then transferred to this District because the challenged 2010 convictions for aggravated burglary and attempted theft arose in Davidson County, Tennessee. (Doc. Nos. 8, 9.)

Upon initial review of the Petition, *see* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"), the court raised the issue of the timeliness of the Petition *sua sponte*, and directed the petitioner to show cause why his case should not be dismissed based on the one-year habeas statute of limitations, which in this case runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Holland v. Florida*, 560 U.S. 631, 635 (2010).

In its order to show cause, the court determined that the petitioner's judgment of conviction became final on May 10, 2012; that the petitioner was not entitled to statutory tolling of the limitations period because his January 2019 post-conviction petition was dismissed by the state court as untimely; and, that he was not entitled to equitable tolling of the limitations period based on his claim that he did not know, until he was told by his federal defense attorney, that he could file for habeas relief. (Doc. No. 16 at 2–5.) Consequently, the Petition (signed in May 2021 and mailed to the Sixth Circuit in June 2021) was filed some eight years too late. Though the petitioner claimed to be innocent of the crimes of conviction, the court found that he had not demonstrated entitlement to review of his untimely Petition on that basis because his innocence claim was not supported by new evidence, but only by his arguments concerning "the tenuous quality of the evidence marshaled by the State at the time of his conviction." (*Id.* at 5.)

The petitioner timely filed a response to the show cause order. (Doc. No. 17.) In that response, the petitioner argues that he is entitled to equitable tolling on two grounds: (1) his trial and appellate attorney, Nathan Moore, instructed him "that he could not appeal the decision after trial," otherwise provided ineffective assistance of counsel, and has since been disbarred; and (2) he is "a mental health patient" who has required treatment with medication since childhood. (*Id.* at 1–2, 5.) The petitioner further responds that his untimely filing should be excused on grounds of actual innocence. As explained below, neither argument in the petitioner's response supports further review of his untimely Petition.

2

Case 3:22-cv-00133    Document 24    Filed 08/28/23    Page 2 of 7 PageID #: 114

## II. Analysis

### A. Equitable Tolling

AEDPA's limitations period may be subject to equitable tolling in appropriate cases. *Holland*, 560 U.S. at 645–49. However, the doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is the petitioner's burden to show that he is entitled to equitable tolling, *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016).

Regarding the petitioner's argument for equitable tolling due to Attorney Moore's advice that he could not further appeal his convictions, the Sixth Circuit has held "that a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling," and that a seven-month delay between the conclusion of state proceedings and the filing of a habeas petition was lengthy enough to "suggest[] that equitable tolling is not appropriate." *Allen v. Yukins*, 366 F.3d 396, 403–04 (6th Cir. 2004) (citing *Jurado*, 337 F.3d at 644-45). In this case, the petitioner purportedly relied upon counsel's advice for a period of years, not months, before seeking relief based on counsel's ineffectiveness, despite later asserting that such ineffectiveness was obvious at the time of trial. (*See* Doc. No. 21 at 2–3.) Specifically, after his conviction became final on May 10, 2012, the petitioner did not attempt to file a post-conviction

3

petition in the trial court until January 2019.[1] (*See* Doc. No. 1-1 at 15, 22.) Even if the delay due to bad legal advice were counted from the January 2019 dismissal of the petitioner's state post-conviction petition until the 2021 filing of his federal habeas petition, it would be too long of a period to equitably toll. And even though the petitioner claims that he was otherwise unaware of the possibility of seeking relief in federal court until his defense attorney on federal charges told him that he could do so (*see* Doc. No. 1 at 4), this lack of knowledge concerning the availability of habeas relief is not an extraordinary circumstance that warrants equitable tolling. (*See* Doc. No. 16, Order to Show Cause, at 4–5 (citing, *e.g.*, *Carter v. Phillips*, No. 20-6038, 2021 WL 867105, at *2 (6th Cir. Mar. 4, 2021)).

The petitioner also attempts to show cause for the application of equitable tolling by pointing to his longstanding "mental illness" and need for medication, without which he "can't focus." (Doc. No. 17 at 5.) But even if this single allegation were construed as a claim that the petitioner's competence to engage in legal proceedings is impaired by his significant mental health needs, such a claim would require that he demonstrate not only mental incompetence, but also that "his mental incompetence caused his failure to comply with AEDPA's statute of limitations"; that is, the petitioner must provide evidence of "a causal link between the mental condition and untimely filing." *Kitchen v. Bauman*, 629 F. App'x 743, 747 (6th Cir. 2015) (quoting *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011)). As in *Kitchen*, the petitioner's claim here—that he cannot focus without the assistance of medications and therefore has "mental illness . . . that stood in [his] way of filing" a timely habeas petition (Doc. No. 17 at 5)—is "entirely inferential" and must be rejected because he does not claim that he was deprived of medication in 2012–2013, nor has he

---

[1] The petitioner first sought to return to the trial court on March 29, 2017, to request a hearing based on "new evidence," by which he meant discovery which should have been provided to the defense prior to trial. (Doc. No. 1-1 at 28–31.)

4

presented [any] medical evidence showing he was incompetent at any point . . . during the limitations period." 629 F. App'x at 747.

Accordingly, the petitioner's arguments for equitable tolling are unavailing and do not demonstrate cause for avoiding dismissal based on the statute of limitations.

B. Actual Innocence

As the court explained in its show cause order, for a claim of actual innocence to allow review of an otherwise untimely habeas petition, the claim must be "convincing," which is to say it must be established by a "credible showing" of "new evidence" that the petitioner is factually innocent, as opposed to a showing of the legal insufficiency of the proceedings against him. (Doc. No. 16 at 5 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392, 394–95 (2013), and *Bousley v. United States*, 523 U.S. 614, 623 (1998))); *see also Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.") (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). This "equitable exception" to the habeas statute of limitations "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner" in light of the new evidence. (Doc. No. 16 at 5 (quoting *McQuiggin*, *supra*).) Only such "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin*, 569 U.S. at 392 (parenthetical omitted).

In his response to the show cause order, the petitioner asserts his innocence by reiterating his habeas claims related to the quality of the evidence against him at trial. (*See* Doc. No. 17 at 2–4; Doc. No. 18.) In particular, he is concerned with (1) the reliability of fingerprint evidence

5

Case 3:22-cv-00133   Document 24   Filed 08/28/23   Page 5 of 7 PageID #: 117

obtained during a pouring rain from a window screen that the State failed to preserve as evidence, and (2) the use in evidence of witness Stacey Abston's alleged statement to police identifying the petitioner as the perpetrator, despite the fact that Ms. Abston later testified at trial that she did not make any statement to police or otherwise positively identify the petitioner. (*See* Doc. No. 17 at 2–4; Doc. No. 1 at 3–7.) However, again, these claims "based upon the tenuous quality of the evidence marshaled by the State at the time of his conviction" (Doc. No. 16 at 5) do not amount to a showing of new evidence of the petitioner's factual innocence. At best, they demonstrate the insufficiency of the State's evidence against him at trial—a showing that might have supported a constitutional claim asserted within the limitations period,[2] but not one asserted after its expiration. *See Casey v. Tennessee*, 399 F. App'x 47, 48 (6th Cir. 2010) (equitable exception to limitations bar "requires the petitioner to present 'new evidence of innocence,' and not merely 'new evidence' of a constitutional violation") (quoting *Schlup*, 513 U.S. at 316). The petitioner has not shown entitlement to review of his untimely claims based on actual innocence.

### III. Conclusion

In sum, the court finds that the petitioner has failed to show cause for finding that his otherwise untimely Petition should survive initial review because of equitable tolling or the actual innocence exception to the statute-of-limitations bar. For the reasons given here and in the court's prior order (Doc. No. 16), the petitioner is not entitled to relief under 28 U.S.C. § 2254 and this action is therefore **DISMISSED**. In light of this disposition, all pending motions (Doc. Nos. 15, 21, 22) are **DENIED** as moot.

Because this constitutes a "final order adverse to" the petitioner, the court must "issue or

---

[2] The court notes that the Tennessee Court of Criminal Appeals rejected the petitioner's challenge to the sufficiency of this physical and testimonial evidence on direct appeal. *State v. Johnson*, No. M2010-02664-CCA-R3CD, 2012 WL 1648211, at *5–6 (Tenn. Crim. App. May 10, 2012).

6

Case 3:22-cv-00133 Document 24 Filed 08/28/23 Page 6 of 7 PageID #: 118

deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not find it debatable that the court is correct in its procedural ruling under the circumstances presented here, the court **DENIES** a certificate of appealability in this case. The petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge