IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LASHAWN LAMONT JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-00133 |
| | ) Judge Trauger |
| LAUREL COUNTY DETENTION FACILITY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On August 28, 2023, the court dismissed this pro se habeas corpus action based on the statute of limitations (Doc. No. 24) and denied a certificate of appealability. (*Id.* at 7.) Judgment entered against the petitioner that same day. (Doc. No. 25.) He did not pursue an appeal.

On June 10, 2024, the petitioner filed a Motion for Certificate of Appealability (COA) in the U.S. Court of Appeals for the Sixth Circuit. (Doc. Nos. 27, 28.) The Sixth Circuit forwarded the Motion to this court.

As stated above, this court has already declined to certify any appealable issues in this case. Although the petitioner's Motion requests permission "to proceed on appeal" (Doc. No. 28 at 10), the record does not reflect that he ever filed (timely or otherwise) a notice of appeal in this case under Federal Rule of Appellate Procedure 3(a). Moreover, the Motion for COA cannot be liberally construed as a notice of appeal, as it was filed far too late to confer appellate jurisdiction. *See McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir. 1987) (construing pro se motion for certificate of probable cause as a notice of appeal within the court's appellate jurisdiction since it "evinced an intent to appeal" and was timely filed within 30 days of district court's judgment). In

short, there is no appeal with which to proceed. The court thus turns to a consideration of how the Motion for COA might impact this closed case.

In the Motion, the petitioner asserts that the warrant for his arrest was procured via perjury and an unconstitutional photo lineup identification procedure; that there were irregularities in the identification, testing, and storage of forensic evidence from the crime scene which point to a conspiracy or prosecutorial misconduct; that a *Brady* violation occurred; that his defense counsel was constitutionally ineffective; and that he is actually innocent of the crimes of conviction. (Doc. No. 28.) He also asserts that his sentence expired on July 22, 2022.[1] (*Id.* at 5.) Finally, the petitioner states that his "actions are timely" because he filed a pro se appeal in state court that the court refused to consider given his representation by counsel, but "counsel refused to file the motion." (*Id.*) He also states that he did not receive notices from the state courts due to being "in transit" between 18 different jails since 2019, justifying tolling of the limitations period. (*Id.* at 6.)

To the extent that the Motion for COA can be liberally construed as seeking relief from judgment under Federal Rule of Civil Procedure 60(b), it does not merit such relief. That Rule provides, in pertinent part, as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

[1] *But see* Tennessee Felony Offender Information Lookup, https://foil.app.tn.gov/foil/details.jsp (listing the petitioner's "Sentence End Date" as October 19, 2021) (last visited Aug. 1, 2024).

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Motion for COA may be construed under Rule 60 and reviewed here in the first instance because it does not seek to add a new ground for habeas relief or to present new evidence in support of a habeas claim already litigated. *See Moreland v. Robinson*, 813 F.3d 315, 322–23 (6th Cir. 2016). Rather, the Motion merely re-presents the petitioner's original habeas claims and his prior arguments for why he should be allowed to pursue their merits, in spite of the running of the statute of limitations, because of his actual innocence as demonstrated by the prosecution's need to manufacture evidence against him. (*Compare* Doc. Nos. 1, 17, 18 *with* Doc. No. 28.) The Motion's only new argument—for tolling of the one-year statute of limitations due to the petitioner's transit between 18 jails since 2019—overlooks the court's previous finding that the petitioner could not be helped by any period of tolling that began as late as January 2019, since the statutory clock began to run years before, in 2012. (*See* Doc. No. 24 at 4.) Meanwhile, the fraudulent, perjurious activities at the heart of the Motion (as they were in the petitioner's previous filings) are attributed to state law enforcement and the state prosecutor; they do not implicate any fraud or falsification of matters in these habeas proceedings reachable under Rule 60(b)(3). In sum, having already presented these purported proofs of his innocence "as part of his underlying § 2254 petition," the petitioner cannot use the Motion to relitigate the issue now. *Brown v. Corrigan*, No.

23-1853, 2024 WL 1154394, at *2 (6th Cir. Feb. 27, 2024) (citing, *e.g.*, *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)).

For these reasons, the petitioner's Motion for COA (Doc. Nos. 27, 28) is **DENIED**. Furthermore, because reasonable jurists would not debate this outcome, a COA from this decision is **DENIED**.

It is so **ORDERED**.

		Aleta A. Trauger
		United States District Judge