IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LASHAWN LAMONT JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:22-cv-00133 |
| | ) Judge Trauger |
| LAUREL COUNTY DETENTION FACILITY, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On August 28, 2023, the court dismissed this pro se habeas corpus action based on the statute of limitations (Doc. No. 24) and denied a certificate of appealability. (*Id.* at 7.) Judgment entered against the petitioner that same day. (Doc. No. 25.) He did not pursue an appeal.

Over nine months later, on June 10, 2024, the petitioner filed a Motion for Certificate of Appealability (COA) in the U.S. Court of Appeals for the Sixth Circuit. (Doc. Nos. 27, 28.) The Sixth Circuit forwarded the Motion to this court. On August 2, 2024, this court denied the Motion for COA. (Doc. No. 29.) The court made the following findings:

> As stated above, this court has already declined to certify any appealable issues in this case. Although the petitioner's Motion requests permission "to proceed on appeal" (Doc. No. 28 at 10), the record does not reflect that he ever filed (timely or otherwise) a notice of appeal in this case under Federal Rule of Appellate Procedure 3(a). Moreover, the Motion for COA cannot be liberally construed as a notice of appeal, as it was filed far too late to confer appellate jurisdiction. *See McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir. 1987) (construing pro se motion for certificate of probable cause as a notice of appeal within the court's appellate jurisdiction since it "evinced an intent to appeal" and was timely filed within 30 days of district court's judgment). In short, there is no appeal with which to proceed. The court thus turns to a consideration of how the Motion for COA might impact this closed case.

In the Motion, the petitioner asserts that the warrant for his arrest was procured via perjury and an unconstitutional photo lineup identification procedure; that there were irregularities in the identification, testing, and storage of forensic evidence from the crime scene which point to a conspiracy or prosecutorial misconduct; that a *Brady* violation occurred; that his defense counsel was constitutionally ineffective; and that he is actually innocent of the crimes of conviction. (Doc. No. 28.) He also asserts that his sentence expired on July 22, 2022.[1] (*Id.* at 5.) Finally, the petitioner states that his "actions are timely" because he filed a pro se appeal in state court that the court refused to consider given his representation by counsel, but "counsel refused to file the motion." (*Id.*) He also states that he did not receive notices from the state courts due to being "in transit" between 18 different jails since 2019, justifying tolling of the limitations period. (*Id.* at 6.)

. . .

The Motion for COA may be construed under Rule 60 and reviewed here in the first instance because it does not seek to add a new ground for habeas relief or to present new evidence in support of a habeas claim already litigated. *See Moreland v. Robinson*, 813 F.3d 315, 322–23 (6th Cir. 2016). Rather, the Motion merely re-presents the petitioner's original habeas claims and his prior arguments for why he should be allowed to pursue their merits, in spite of the running of the statute of limitations, because of his actual innocence as demonstrated by the prosecution's need to manufacture evidence against him. (*Compare* Doc. Nos. 1, 17, 18 *with* Doc. No. 28.) The Motion's only new argument—for tolling of the one-year statute of limitations due to the petitioner's transit between 18 jails since 2019—overlooks the court's previous finding that the petitioner could not be helped by any period of tolling that began as late as January 2019, since the statutory clock began to run years before, in 2012. (*See* Doc. No. 24 at 4.) Meanwhile, the fraudulent, perjurious activities at the heart of the Motion (as they were in the petitioner's previous filings) are attributed to state law enforcement and the state prosecutor; they do not implicate any fraud or falsification of matters in these habeas proceedings reachable under Rule 60(b)(3). In sum, having already presented these purported proofs of his innocence "as part of his underlying § 2254 petition," the petitioner cannot use the Motion to relitigate the issue now. *Brown v. Corrigan*, No. 23-1853, 2024 WL 1154394, at *2 (6th Cir. Feb. 27, 2024) (citing, *e.g.*, *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)).

(Doc. No. 29 at 1–4.)

The petitioner, whose state sentence expired in 2021 and who has since been serving a sentence in the federal penitentiary, has filed a Motion to Reconsider the court's above-quoted order (Doc. No. 30) and a Motion to Reconsider Appealability/Prosecutor Misconduct (Doc. No.

---

[1] *But see* Tennessee Felony Offender Information Lookup, https://foil.app.tn.gov/foil/details.jsp (listing the petitioner's "Sentence End Date" as October 19, 2021) (last visited Mar. 3, 2025).

31). Neither of these motions presents a compelling reason to reopen this case and further explore the timeliness, tolling, and actual-innocence issues first dealt with in this court's November 2022 show cause order (Doc. No. 16); then in its August 2023 order considering the petitioner's response and dismissing the case as untimely after declining to apply equitable tolling (Doc. No. 24); and, most recently, in its August 2024 order denying post-judgment relief under Federal Rule 60. (Doc. No. 29).

The petitioner's second motion to reconsider (Doc. No. 31), filed in January 2025, is not proper under any rule of procedure, nor is it close to timely. It thus deserves no further consideration.

The first motion to reconsider (Doc. No. 30) can be construed under Federal Rule of Civil Procedure 59(e), because it was filed within 28 days of the court's denial of Rule 60 relief. *See Creasy v. Frink*, No. 3:22-CV-00033, 2024 WL 628008, at *2 (M.D. Tenn. Feb. 14, 2024), *certificate of appealability denied sub nom. Creasy v. Vantell*, No. 24-5171, 2024 WL 3939081 (6th Cir. July 15, 2024). But the petitioner may not use Rule 59(e) to re-argue the case. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). He attempts to do just that, as is apparent from the following summary with which his motion to reconsider concludes:

> Inside every motion I filed I have stated the same thing for 15 years. Even once released [from state prison] I still contacted Beverly Sharpe of the Board of Professional Responsibility of the Supreme Court of Tennessee[, and was told that such contact would toll the limitations period]. I was set up by Metro Police Department, and District Attorney Office for a crime I never committed. A.D.A. Gunn didn't tell half of the truth he told 100% of a lie he made up. When Glenn Funk took over the District Attorney Office he fired ADA Gunn because he knew ADA stacked cases against Defendants. If you check my case against Prince Authur Space in 2008, the photo of the window screen in that case, is the exact in my 2009 case. How can evidence obtained in 2008, be obtained again [and] used in 2009?

(Doc. No. 30 at 3.) These arguments and citations to evidence have all been offered before. As the court has previously found, this action was filed more than eight years too late. The petitioner has

failed to demonstrate that he is entitled to statutory or equitable tolling, or to raise a convincing claim of actual innocence.

For these reasons, the Motion to Reconsider (Doc. No. 30) and the Motion to Reconsider Appealability/Prosecutor Misconduct (Doc. No. 31) are **DENIED**. The petitioner is advised that any further filings which seek reconsideration of the court's prior orders in this closed case will be denied summarily, without further expenditure of court resources.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge